# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

NICKOL E. CARTER
ADC #146315                                                                    PETITIONER


VS.                              5:10CV00346 JMM/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT


## ORDER

On December 3, 2010, Petitioner, Nickol E. Carter, initiated this 28 U.S.C. §
2254 habeas action.  (Docket entry #2). Carter asserts various claims attacking his
December 1, 2009 guilty plea, in Pulaski County Circuit Court, to several counts of
aggravated robbery and being a felon in possession of a firearm.

On February 23, 2011, Carter filed a Motion requesting that this action be
stayed so that he could pursue an error coram nobis petition in the Arkansas Supreme
Court. (Docket entry #9). In support of his request, he relies on information contained
in the underlying Little Rock Police Department investigative files. According to
Carter, he obtained copies of those files in January of 2011, in response to his
Freedom of Information Act request.

Carter argues that the prosecution failed to disclose to him certain information

contained in those files: (1) a January 20, 2009 "Report of Fingerprint Analysis" showing that one of his known thumb prints matched a latent print lifted collected from a cup at  the crime scene;[1] (2) a November 17, 2009 "Fingerprint Comparison Request" showing that fingerprints obtained from a door at the crime scene did *not* match known prints from Carter;[2] and (3) DNA evidence from a cigarette butt found at the crime scene that did *not* match a known DNA sample from Carter.[3] Carter contends that the prosecution did not disclose this information to him in violation of his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and somehow coerced his guilty plea.

The United States Supreme Court has held that, under the AEDPA, a district court has discretion to "stay and abey" a mixed habeas petition of exhausted and unexhausted claims, while a petitioner returns to state court to exhaust his unexhausted claims.  In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court explained that habeas petitions may be stayed, rather than dismissed, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially

---

[1]The fingerprint evidence was from a November 15, 2008 robbery of a Subway restaurant.

[2]The fingerprint evidence was from a December 5, 2008 robbery of a Simmons bank branch.

[3]The cigarette butt was found near a suspect vehicle used in a January 2, 2009 robbery of a Simmons bank branch.

meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

The *Rhines* factors do not weigh in favor of a stay in this case. Even assuming that the evidence Carter cites was not disclosed to him, he fails to explain how it would establish that his guilty plea was coerced, or how the nondislcosure would constitute a constitutional violation in light of his guilty plea. *See United States v. Ruiz*, 536 U.S. 622, 628-33 (2002) (failure to disclose impeachment information to a defendant who pleaded guilty was not a due process violation under *Brady* because the guilty plea waived the right to a "fair trial" and "accompanying constitutional guarantees" — "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). Furthermore, he has not been diligent in pursuing his alleged coram nobis claim at the Arkansas Supreme Court. As of this writing, the Clerk of the Arkansas Supreme Court has confirmed that Carter has not filed a Petition requesting coram nobis relief.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Stay (docket entry #9) is DENIED.

Dated this 28th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE