## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

NICKOL E. CARTER
ADC #146315                                                              PETITIONER


VS.                          5:10CV00346 JMM/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                                       RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Nickol E. Carter. Before addressing Petitioner's habeas claims, the Court will review the lengthy procedural history of the case in state court.

On December 1, 2009, Petitioner pleaded guilty, in Pulaski County Circuit Court, to: (1) four counts of aggravated robbery; (2) four counts of being a felon in possession of a firearm; and (3) one count of robbery.[1] (Docket entry #3 at 12-20). Pursuant to a negotiated plea agreement, he was sentenced to an aggregate term of 420 months of imprisonment, along with a 120-month suspended sentence.

On December 28, 2009, Petitioner filed a *pro se* Motion to Withdraw Guilty Plea in Pulaski County Circuit Court. (Docket entry #3 at 21-22). He argued that he received ineffective assistance of counsel claim because his lawyer "coerced" him by advising him to accept a plea, without adequately investigating or preparing his case. (Docket entry #3 at 21-22). On February 24, 2010, the trial court entered an Order which construed the Motion as a request for Rule 37 relief, which was denied.[2] (Docket entry #3 at 23-25). Petitioner did *not* appeal the February 24, 2010 Order denying his Motion to Withdraw Guilty Plea.

 On March 11, 2010, Petitioner filed a *pro se* Rule 37 Petition (docket entry #3 at 26-30) and a "Petition for Reduction of Sentence" (docket entry #3 at 34-36) that restated his ineffective assistance of counsel claim. On March 19, 2010, the trial court entered separate Orders dismissing each Petition. (Docket entry #3 at 37-

---

[1] The charges arose from a string of five Little Rock robberies occurring between November of 2008 and January of 2009. (Docket entry #7-2 at 3-4).

[2] Under Arkansas law, a defendant may not withdraw a guilty plea after the entry of judgment. *See* Ark. R. Crim. P. 26.1(a).  A motion to withdraw a guilty plea filed *after* the entry of judgment is treated as a request for postconviction relief under Rule 37. *See McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997).

3

38, 39-40). On March 26, 2010, Petitioner filed a "Motion to Modify Order" (docket entry #3 at 41-42) requesting reconsideration of the trial court's Order denying his March 11, 2010 Petition for Reduction of Sentence.

On April 1, 2010, the trial court entered an Order denying the Motion to Modify Order. (Docket entry #3 at 43-44). On April 13, 2010, Petitioner filed a Notice of Appeal (docket entry #7-1 at 1-2) of the trial court's April 1, 2010 Order.

On September 23, 2010, the Arkansas Supreme Court dismissed the pending appeal. *Carter v. State*, 2010 Ark. 349, 2010 WL 3722001 (Sept. 23 2010) (*per curiam*). The Court concluded that Petitioner could not prevail as a matter of law because, in substance, he had appealed from an unauthorized successive request for Rule 37 relief. *Id.* at*3 ("appellant had already been denied postconviction relief under the rule, and Rule 37.1(b) does not allow for a subsequent petition unless the original pleading was denied without prejudice to a file a second petition.").

Petitioner initiated this *pro se* habeas action on December 3, 2010. (Docket entry #2). In his Petition, he argues that his lawyer provided ineffective assistance of counsel by "coercing" him to plead guilty without adequately preparing and investigating the case.

On February 23, 2011, he requested a stay of this case so that he could pursue *coram nobis* relief in state court, arguing that: (1) his guilty plea was coerced in violation of his Due Process rights; and (2) the prosecution did not

disclose exculpatory information to the defense prior to his plea. (Docket entries #9 and #14). On May 5, 2011, Petitioner filed a *pro se* Petition for a Writ of Error Coram Nobis in Pulaski County Circuit Court. (Docket entry #14 at 5-10). On October 17, 2011, the trial court entered an Order denying coram nobis relief, and Petitioner filed a timely Notice of Appeal. (Docket entry #16 at 4-7).

On February 3, 2012, the Court entered an Order staying this case pending the disposition of Petitioner's coram nobis appeal. (Docket entry #16). On April 26, 2012, the Arkansas Supreme Court affirmed. *Carter v. State*, 2012 Ark. 186, 2012 WL 1435672 (Apr. 26, 2012).

On May 25, 2012, Petitioner moved to lift the stay, and filed an Amended Petition asserting the claims he had raised in his coram nobis appeal. (Docket entry #20). On August 31, 2012, the Court entered an Order lifting the stay, and on September 19, 2012, Respondent filed a Response. (Docket entry #23).

Petitioner argues that he is entitled to habeas relief because: (1) his lawyer was constitutionally ineffective for coercing him to plead guilty without investigating or preparing the case; (2) his guilty plea was coerced with the threat of a life sentence in violation of his due process rights; and (3) the prosecution withheld exculpatory information from the defense in violation of his due process rights. (Docket entries #2 and #18). Respondent argues that Petitioner's claims are either procedurally defaulted or fail on the merits. (Docket entry #).

5

For the reasons discussed below, the Court recommends that the Petition be denied because Petitioner's claims are without merit.

## II. Discussion

### A.    Sixth Amendment Ineffective Assistance of Counsel Claim

Petitioner argues that he received ineffective assistance of counsel when his lawyer, who allegedly had not investigated or prepared his case, "coerced" him into accepting a plea agreement with the threat that he would receive a life sentence if he proceeded to trial.[3] The trial court rejected Petitioner's claim on the merits and "determined that the defendant's pleas were entered knowingly, intelligently, voluntarily, and with effective assistance of counsel." (Docket entry #3 at 58).

The trial court noted that Petitioner's negotiated guilty plea reduced the maximum penalty range that he faced because four counts of theft of property and a firearm enhancement were *nolle prossed*, and the severity of his habitual offender allegation was reduced. (Docket entry #3 at 56). The trial court further stated:

---

[3] Petitioner argues that his lawyer: (1) failed to file any motions; (2) "mislead" him into taking a plea by telling him that he would receive a "life sentence" if he went to trial; (3) did not interview witnesses; (4) did not get a "second opinion" of fingerprint evidence; (5) did not obtain "check stubs" establishing that Petitioner was in another state at the time of the robberies; and (6) did not adequately discuss the case.  (Docket entry #3 at 28).

Claims of ineffective assistance of counsel with respect to guilty pleas are governed by the two-part *Strickland v. Washington* test. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The defendant must show: (1) that counsel's actions fell below an objective standard of reasonableness; and (2) that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish prejudice, a defendant must establish that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

The plea statement executed by the defendant and presented to the Court when he entered pleas reflects that the defendant acknowledged he had discussed his case fully with his attorney and was satisfied with his services. The defendant further agreed that his pleas of guilty had not been induced by any force, threat, or promise apart from the plea agreement. The record of the plea hearing reflects the Court personally addressed the defendant and asked him if anyone had forced him or threatened him in order to get him to enter his plea. The defendant replied that no one had done so.

Had the defendant not accepted the plea bargain, he would have in fact been facing possible life sentences for each of the four charges of aggravated robbery. The defendant's allegation that his plea of guilty was coerced by his attorney is refuted by the plea statement executed by the defendant and the defendant's responses to the questions of the Court when he entered his pleas.

The defendant also alleges that "his attorney did not investigate the case until a few days prior to trial." The defendant does not indicate what his attorney failed to investigate or discover, nor does he state how he was prejudiced by the alleged failure on the part of his attorney. This is a bare allegation with no factual substantiation or demonstration of prejudice suffered by the defendant as a result of his attorney's alleged failure.

(Docket entry #3 at 57).[4]

---

[4] As discussed earlier, Petitioner did *not* appeal the trial court's February 24, 2010 Order denying his ineffective assistance of counsel claim. Thus, Respondent argues that Petitioner has procedurally defaulted the claim by failing to exhaust it before the Arkansas Supreme Court.

Petitioner counters that his procedural default should be excused. He primarily relies on the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which recognized an equitable but "narrow" exception to procedural default: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel . . . . " *Martinez*, 132 S. Ct. at 1320.

It is unnecessary to decide whether the equitable *Martinez* exception should be applied to Petitioner's procedural default. Under the circumstances of this case, it is more efficient to simply proceed to the merits. *See Kemp v. Hobbs*, 2012 WL 2505229 (E.D. Ark. June 28, 2012) ("Where it is more efficient to do so, therefore, this Court may resolve [habeas] claims on the merits rather than navigating through a procedural-default thicket. The governing statute and precedent support taking the

A habeas challenge to a conviction obtained in a guilty plea is limited to the voluntariness of the plea and whether the defendant understands the charges and the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A defendant who enters a valid and voluntary guilty plea is barred from raising *pre-plea* constitutional violations in a habeas corpus action. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Thus, pre-plea constitutional claims, including pre-plea ineffective assistance of counsel claims, are waived by a valid and voluntary plea in state court. *See Tollett*, 411 U.S. at 266-267; *see also Whitepipe v. Weber*, 536 F. Supp.2d 1070, 1082-1083 (D. S.D. 2007) (*citing Thundershield v. Solem*, 565 F.2d 1018, 1026-27 (8th Cir. 1977)). A habeas petitioner "may only present [ineffective assistance of counsel] claims relating to the plea advice" that go to the voluntariness of the plea. *See Whitepipe*, 536 F. Supp.2d at 1082; *see also Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) ("after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea").

The transcript of the plea colloquy establishes that the trial court informed petitioner of the sentencing range he faced, including potential life imprisonment on the aggravated robbery charges. (Docket entry #7-2 at 2). Petitioner stated that he understood what he was charged with, the possible punishment, and that he had

---

merits route where the default issues are particularly tangled.") (*citing* 28 U.S.C. § 2254(b)(2) and *McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990)).

discussed the charges and punishment with his lawyer. (Docket entry #7-2 at 2).

Petitioner also affirmed that he was satisfied with the advice of his lawyer. (Docket

entry #7-2 at 3). He answered "no" when asked whether "anyone forced you or

threatened you to get you to do this?" (Docket entry #7-2 at 3). The prosecutor

then stated the factual basis for each of the five robberies underlying the charges.

(Docket entry#7-2 at 3-4). Petitioner answered "yes" to the trial court's questions

asking if "what [the prosecutor] said [was] true?" and if he was "[p]leading guilty

because you are guilty?" (Docket entry #7-2 at 4). Finally, Petitioner affirmed that

the prosecutor's stated sentencing recommendation (including the dismissal of

certain charges and a reduction of his habitual offender classification) was in fact

as he agreed. (Docket entry #7-2 at 1, 5).

Insofar as Petitioner complains that his lawyer did not adequately prepare or

investigate his case, his guilty plea waived any claims about his lawyer's pre-plea

conduct. Moreover, defense counsel's alleged lack of preparation and investigation

is directly refuted by Petitioner's answers during the plea colloquy. A defendant's

"representations during the plea-taking carry a strong presumption of verity and

pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v.*

*United States*, 114 F.3d 699, 703 (8th Cir.1997) (*quoting Voytik v. United States*,

778 F.2d 1306, 1308 (8th Cir.1985)).

With respect to Petitioner's argument that his lawyer "coerced" his plea with the threat of a life sentence if he proceeded to trial, the trial court explained that Petitioner "would have in fact been facing possible life sentences for each of the four charges of aggravated robbery." When questioned by the trial court, Petitioner confirmed that he understood the range of punishment on each charge, that he was satisfied with his lawyer's advice, and that no threats had been made. Petitioner has come forward with no clear or convincing evidence to rebut the presumptively correct factual findings made by the state court. *See* 28 U.S.C. § 2254(e)(1). Nor has he demonstrated that the state court decision was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d).

For the foregoing reasons, the Court recommends that Petitioner's first claim for habeas relief be denied.

### B.   Due Process Claim That Petitioner's Guilty Plea Was Coerced

Petitioner also argues that his guilty plea was coerced in violation of his Due Process rights. (Docket entry #2 at 7). In state court, he asserted this claim in his coram nobis action, where he argued that his Due Process rights were violated because he "was coerced into excepting [sic] a package deal that would've avoided him a life sentence in prison; or such he was made to believe by trial counsel and the prosecution." (Docket entry #14 at 8).

10

The trial court denied Petitioner's coram nobis claim that his plea was coerced: "The fact that the defendant entered negotiated pleas of guilty for a total sentence of fifty years imprisonment with fifteen years suspended, in order to prevent exposure to a potential total sentence of four life terms, plus five hundred seventy years, if convicted of all offenses charged and receiving firearm enhancements on each felony, and sentenced as a[] habitual offender with four or more previous felony conviction, does not constitute coercion as contemplated by error coram nobis." (Docket entry #16 at 6-7). On appeal, the Arkansas Supreme Court rejected Petitioner's argument: "it is well settled that a plea of guilty that is induced by the possibility of a more severe sentence does not amount to coercion . . . [a]ppellant's mere concern that he could be subjected to a greater sentence by proceeding to trial does not rise to the level of coercion[.]" *Carter*, 2012 Ark. 186 at *6.

Petitioner's argument that his exposure to life sentences constituted unconstitutional "coercion" to plead guilty runs counter to well-established case law. "[A]n otherwise valid plea is not involuntary because [it was] induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." *Parker v. North Carolina*, 397 U.S. 790, 795 (1970). The Supreme Court has also explained that a guilty plea is not "compelled and invalid under the Fifth Amendment whenever motivated by the defendant's

desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady*, 397 U.S. at 751.

Under these circumstances, Petitioner has not shown that the Arkansas Supreme Court's disposition of his Due Process claim was contrary to, or an unreasonable application of, federal law. Nor has he established that it was based on an unreasonable determination of the facts. Thus, the Court recommends that Petitioner's second claim for habeas relief be denied.

### C.  Due Process Claim That The Prosecution Withheld Exculpatory Information From The Defense

Finally, Petitioner argues that the prosecution withheld exculpatory information from the defense in violation of his Due Process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). According to Petitioner, he would not have plead guilty had this information been disclosed to the defense prior to his plea.[5]

First and foremost, Petitioner's claim fails because there is no clearly established constitutional right to the disclosure of *Brady* material prior to the entry of a guilty plea. In *United States v. Ruiz*, 536 U.S. 622, 633 (2002), the Supreme

---

[5] The information that Petitioner alleges the prosecution withheld appears to be the police investigative files of the various robberies. Petitioner claims that, after he was convicted, he received the case files in response to a Freedom of Information Act request. He emphasizes: (1) fingerprint reports from the crime scenes that did not match his fingerprints; (2) the lack of crime lab analysis of certain evidence recovered from the crime scenes; (3) inconsistent witness statements; (4) a DNA test from a crime-scene cigarette butt that did not match his DNA; and (5) a witness who was presented a photo line-up and identified another individual as the perpetrator. (Docket entry #18).

Court held that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."

Petitioner attempts to distinguish the Court's decision in *Ruiz* by arguing that the evidence the prosecution withheld from him was in the broader category of substantive *exculpatory* evidence, and not merely *impeachment* evidence as discussed in *Ruiz*. Contrary to Petitioner's argument, numerous courts have concluded that there is no federal constitutional right to the disclosure of *Brady* information prior to the entry of a guilty plea, regardless of whether it is exculpatory evidence, as opposed to impeachment evidence.[6] Thus, Petitioner cannot establish that the state court's disposition of his *Brady* claim was "contrary to . . . clearly established Federal law, as determined by the Supreme Court[.]" *See* 28 U.S.C. § 2254(d)(1).

---

[6] *See Tarafa v. Artus*, 2013 WL 245786 (S.D.N.Y. Jan. 23, 2013) (a § 2254 habeas claim for failure to disclose substantive exculpatory evidence - as opposed to impeachment evidence - prior to the entry of a guilty plea did not state a habeas claim because "the Supreme Court has never held that exculpatory material . . . must be disclosed prior to a guilty plea."); *Dennis v. Ludwick*, 2012 WL 5379461 (E.D. Mich. Oct. 31, 2012) ("Given the Supreme Court's description of *Brady* as grounded in the right to a fair trial, the *Ruiz* decision, and the lack of Supreme Court precedent requiring that [exculpatory] *Brady* material be disclosed before a [guilty] plea, the Court finds that Petitioner has failed to allege a violation of clearly established federal law."); *Ankeney v. Jones*, 2012 WL 4378215 (D. Col. Sep. 25, 2012) ("To the extent [petitioner's] *Brady* claim is premised on an alleged failure to disclose non-impeachment exculpatory evidence, the claim still lacks merit due to the absence of clearly established federal law."); *United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009) ("[Petitioner] argues that the limitation of the Court's discussion [in *Ruiz*] to impeachment evidence implies that exculpatory evidence is different and must be turned over before entry of a plea. *Ruiz* never makes such a distinction nor can this proposition be implied from its discussion.").

Alternatively, even if Petitioner has stated a viable § 2254 habeas claim, it fails on the merits. In Petitioner's coram nobis appeal, the Arkansas Supreme Court considered Petitioner's *Brady* claim and rejected it. Petitioner "failed to demonstrate that any of the alleged evidence was withheld and could not have not been obtained," and the Court "agree[d] with the circuit court that none of the allegedly withheld evidence would have prevented the circuit court from accepting a plea under our rules of criminal procedure." *Carter v. State*, 2012 Ark. 186 (Ark. April 26, 2012). Petitioner has not demonstrated that the Arkansas Supreme Court's disposition of his *Brady* claim was contrary to, or an unreasonable application of, federal law. Nor has he established that it was based on an unreasonable determination of the facts. Thus, the Court recommends that Petitioner's final claim for habeas relief be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 25th day of March, 2013.

UNITED STATES MAGISTRATE JUDGE