UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NICKOL CARTER                                                                                    PETITIONER
ADC #146315


VS.                                       5:10-CV-00346-DPM/JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                                            RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

## I. Background

Pending before the Court is a Motion for Relief from Judgment filed by Petitioner, Nickol Carter ("Carter").[1] *Doc. 42*. Pursuant to Fed. R. Civ. P. 60(d)(1), Carter seeks relief from the Order and Judgment entered on April 17, 2013, which denied his § 2254 Petition for Writ of Habeas Corpus.

In Carter's federal habeas action, he claimed that: (1) his attorney was constitutionally ineffective for coercing him to plead guilty without investigating or preparing his case; (2) his guilty plea was coerced with the threat of a life sentence in violation of his due process rights; and (3) the prosecution withheld exculpatory information from the defense in violation of his due process rights. Respondent argued that Carter's claims were procedurally defaulted and lacked merit.

On March 25, 2013, this Court entered a Recommended Disposition rejecting Carter's federal habeas claims, on the merits.[2] *Doc. 24*. On April 17, 2013, United States District Judge James M. Moody adopted the Recommended Disposition and entered a Judgment dismissing Carter's habeas Petition. *Docs. 26 & 26*. On

---

[1] Carter is serving a prison sentence of 420 months imposed after he entered a guilty plea to four counts of aggravated robbery; four counts of being a felon in possession of a firearm; and one count of robbery. The lengthy procedural history of Carter's state court case is detailed in the Recommended Disposition, *Doc. 24 at 3-5*, which the Court later adopted. *Doc. 26*.

[2] The Court specifically declined to address Carter's argument that his procedural defaulted claims could be saved based on *Martinez v. Ryan*, 566 U.S. 1 (2012), finding it was more efficient to resolve his claims on the merits. *Doc. 24 at 7, n. 4*. Thus, Carter's assertion in his Rule 60(b) Motion that the Court erred, in ruling that "*Martinez* did not apply," is flatly wrong. *Doc. 42 at 28*.

September 19, 2013, the Eighth Circuit rejected Carter's application for a certificate of appealability. *Carter v. Hobbs*, No. 13-2086 (8th Cir. September 19, 2013).

For the reasons discussed below, the Court recommends that Carter's Motion for Relief from Judgment be denied.

## II. Discussion

Carter's 68-page Motion for Relief from Judgment, liberally construed, asserts the following claims:

Claim 1: He is actually innocent based on a "supervening" change in law;

Claim 2: He is actually innocent of the aggravated robbery convictions;

Claim 3: He is actually innocent of the robbery conviction;

Claim 4: He is actually innocent of the felon in possession convictions;

Claim 5: His trial counsel was ineffective for not previously asserting claims of actual innocence, investigating his alibi and testing a fingerprint that was the basis for the arrest warrant;

Claim 6: He is entitled to relief due to the "inherent unreliability" of witness identification;

Claim 7: His sentence violated the Arkansas Sentencing Guidelines and, by extension, *Blakely v. Washington*, 542 U.S. 296 (2004);

Claim 8: His case and the constitutional errors it contains, cumulatively, resulted in a "gross" miscarriage of justice.

Doc. 42.

In his Motion, Carter seeks "to reopen" his closed habeas case so the Court can vacate its earlier Order denying habeas relief, and thereby prevent "a grave

miscarriage of justice." *Id. at 1-2*. Despite filing his Motion in a case that has been closed for over six years, Carter requests that the Court construe his Motion as "an independent action" pursuant to Rule 60(d)(1). *Id. at 67*.

### A. Fed. R. Civ. P. 60 Cannot Be Used To Avoid The Limitations On Second and Successive Habeas Applications Imposed By 28 U.S.C. § 2244(b)

Fed. R. Civ. P. 60 states in relevant part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.

On motions and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it si based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
    . . .

(d) **Other Powers to Grant Relief**.

The rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order or proceeding;
    . . .

Fed. R. Civ. P. 60.

Carter repeatedly states that he is proceeding under Fed. R. Civ. P. 60(d)(1) and never mentions Rule 60(b).[3] Regardless, the limitations on obtaining relief from a final Judgment under Rule 60(d)(1) are at least as restrictive, if not more restrictive, as Rule 60(b).[4]

More importantly, Rule 60, in its entirety, applies to habeas proceedings "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." See *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2009)) (quoting 28 U.S.C. § 2254 Rule 12) (discussing Rule 60(b)).

Pursuant to 28 U.S.C. §§ 2244, any claim that was adjudicated in Carter's earlier habeas Petition must be dismissed. § 2244(b)(1). Any new claim not previously adjudicated must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." § 2244(b)(2)). And, before filing a second or successive application in the district court, the applicant "shall move in the appropriate court of

---

[3] Carter may be seeking to avoid the time limits imposed for seeking relief under Rule 60(b). *See* Fed. R. Civ. P. 60(c)(1) (imposing a one-year time limit for seeking relief based on Rule 60(b)(1) through (3) and a "within a reasonable time" limit for Rule 60(b)(4) through (6)).

[4] To prevent the restrictions of Rule 60(b) from "be[ing] set at naught," independent actions under Rule 60(d) are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 47 (quotation and citation omitted); *see also Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) ("Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances."). Thus, the limitations on seeking relief pursuant to Rule 60(d)(1) are at least as restrictive as those imposed under Rule 60(b).

appeals for an order authorizing the district court to consider the application." § 2244(b)(3). Thus, as the Court held in *Gonzalez*, 545 U.S. at 529-30, a habeas petitioner cannot use Rule 60 to circumvent the limitations imposed on second or successive habeas petitions under § 2244.

Accordingly, *before* considering the question of whether Carter can satisfy the very high bar imposed by Rule 60(d)(1), the Court must determine whether Carter's Motion is, in substance, a second or successive habeas application. If so, the Court lacks jurisdiction to entertain Carter's motion.

### B. Carter's Rule 60 Motion Is A Second Or Successive Habeas Application

Carter's Motion asserts new claims for relief attacking his underlying state court convictions or sentence. His claims fall into two broad categories: (1) claims of actual innocence based on new evidence that was either not developed or not presented at trial;[5] and (2) claims that changes in substantive law impacted either his conviction, sentence, or ability to challenge his claims on collateral review. To allow these claims to proceed would be to circumvent the requirements of § 2244(b)(2). *See Gonzalez*, 545 U.S. at 532 (Rule 60 motion that challenges defect in integrity of habeas proceedings is not successive collateral attack, but motion that

---

[5] These arguments all ignore the fact that Carter's convictions were based on his plea of guilt. As a result, his habeas challenges were limited to whether his plea was voluntary and whether he understood the charges and consequences of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). This Court previously rejected, on the merits, Carter's challenges to the voluntariness of his plea. *Doc. 24 at 6 -12*.

advances habeas claim is successive petition); *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) ("A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim.").

Carter cannot bypass the authorization requirement of § 2244(b)(3) by attempting to reopen this closed § 2254 habeas action to assert new challenges to his state court conviction and sentence. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). His remedy, *if* he believes he can satisfy the requirements of § 2244(b) for bringing a second or successive habeas application, is to seek permission from the Eighth Circuit to do so.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(d)(1), *Doc. 42*, be DENIED.

2. The Court decline to reopen this case.

2. A certificate of appealability be denied.[6]

Dated this 11th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (indicating a certificate of appealability is required when a petitioner attempts to appeal the denial of a *Rule 60(b)* motion seeking relief from an order denying a habeas petition).